UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


KATHALINA MONACELLI,

                Plaintiff,

-vs-                                        Case No. 2:09-cv-12-FtM-29SPC

CRACKER BARREL; GENERAL MANAGER
JOE HOLDER,

                Defendant.
_____/


## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Kathalina Monacelli's Motion to Proceed *In Forma Pauperis* (IFP) (Doc. #2) filed on January 9, 2009. On January 13, 2009, the Court issued an Order denying the Motion for IFP because her Complaint was deemed to be frivolous. The Court gave the Plaintiff leave to file an amended complaint and directed her to file the amended complaint by February 12, 2009. To date, the Plaintiff has failed to file an amended complaint.

      The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may

be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's affidavit reveals that she has insufficient resources to conduct the litigation, but the Court must now review the Complaint to determine if it lacks arguable basis in law or fact.

The Plaintiff filed a four count Complaint alleging as follows: Count I, a violation of restraint of trade in violation of the Sherman Antitrust Act 15 U.S.C. § 1; Count II, a violation fo the State's antitrust laws; Count III, a violation of the Civil Rights Act; and Count IV, unjust enrichment. In the Complaint, the Plaintiff claims that she is filing an employment discrimination action under the Civil Rights Act of 1991 42, U.S.C. § 1981 (Title VII), the Civil Rights Act of 1964 43 U.S.C. § 2000e *et. seq*., and the Sherman Antitrust Act 15 U.S.C. §§ 15 through 26. The Plaintiff claims that the Defendant failed to use correct judgment in their hiring practices: using nepotism as a basis for team leadership; hired based on gender discrimination; harassed her by putting her by herself at the cashier position; the atmosphere was highly frustrated and argumentative and unsafe, there were fights and highly congested arguments; she was wrongfully terminated under the term of the employee handbook because she called in sick several times in accord with the handbook but yet she was terminated.

The Plaintiff further alleges the Defendants have failed to provide the quality hiring system to other members of higher educational levels; failed to provide fairness in hiring and promoting members that are unrelated by familial means; failed to discontinue the selective abusive techniques against minorities with consideration to national origin; the Defendants use if stereotypes and bias regarding the promotion of employees with higher educational levels; the Defendants used discriminatory methods for hiring, promoting and maintaining the current workforce; the employer failed to abide by it policies related to the employees under the terms of the employment contract; and the Defendant failed to provide its employees with breaks and lunch hours within the regulation of the Fair Labor Standards Act (FLSA) and a conspiracy to keep secret promotion and hiring practices from its employees.

The Plaintiff states she is denied her rights under Title VII discrimination, and the Sherman Antitrust Act. However, the Plaintiff has failed to state a cause of action upon which relief may be granted. The Plaintiff has not shown the elements of discrimination. Specifically, she must allege "'(1) that she was a member of a protected class, (2) that she was qualified for the job, (3) that she suffered an adverse employment action, and (4) that she was displaced by someone outside the protected class.'" Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, (11th Cir. 2008) (quoting Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 828 (11th Cir. 2000)). In addition, the Plaintiff failed to allege facts sufficient to establish a claim under the Sherman Antitrust Act, the state's antitrust laws and unjust enrichment as well a failure to support the alleged conspiracy to keep practices for hiring and promotion in the handbook a secret

The Plaintiff fails to state which Defendant discriminated against her and in what manner. She claims that a Defendant hired unqualified applicants and discriminated against individual of higher education, however, educational levels are not covered under Title VII. The Plaintiff asserts the Defendant discriminated against her but fails to identify which protected group she belongs. The Plaintiff must name as Defendants only those persons or entities who are responsible for the alleged constitutional violations. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for the Plaintiff to merely list constitutional rights or federal rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations.

Further while the FLSA provides for meal breaks and rest breaks during the work day, the Plaintiff must state whether or not the missed break was compensated or the meal breaks were missed altogether or merely given at a later time in the day.

*Conclusion*

Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis/ Affidavit of Indigency* (Doc. #2) should be denied. Since the Plaintiff failed to address the Complaint's deficiencies and re-file an amended complaint that states a valid cause of action for which relief may be granted, it is further respectfully recommended the case be dismissed.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Kathalina Monacelli's Motion to Proceed In Forma Pauperis (Doc. #2) should be **DENIED**. The Court further respectfully recommends that the case be **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this  20th  day of March, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record